**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANGEL MENDEZ,

                Plaintiff,

v.   No. 11-CV-961
       (DNH/DRH)

KNOBLACH, Sgt., Oneida Correctional
Facility; COLLINS, Correctional Officer,
Oneida Correctional Facility; MASNER,
Correctional Officer, Oneida Correctional
Facility; and STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SERVICES,[1]

                Defendants.

---

**APPEARANCES:**         **OF COUNSEL:**

ANGEL MENDEZ
Plaintiff Pro Se
05-A-5320
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ERIC T. SCHNEIDERMAN   CHRISTOPHER W. HALL, ESQ.
Attorney General for the   Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

---

[1] In his complaint, Mendez named "DOCS" (Department of Correctional Services) as the defendant. Compl. (Dkt. No. 1). The name of that department has been changed to "Department of Corrections and Community Services" and, in accordance with Fed. R. Civ. P. 25, the docket of this case shall be amended to reflect the corrected name.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Angel Mendez ("Mendez"), an inmate in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that DOCCS and three of its employees, violated his constitutional rights under the Eighth Amendment.  Compl. (Dkt. No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (1) Mendez's claims are barred by the statute of limitations, and (2) his claims against DOCCS are barred by the Eleventh Amendment.  Dkt. No. 12.  Mendez opposes the motion on the first ground but not the second.  Dkt. No. 14.[3]  For the following reasons, it is recommended that defendant's motion be denied as to the statute of limitations and granted as to DOCCS.

**I. Background**

The facts are related herein in the light most favorable to Mendez as the non-moving party.  See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

Mendez contends that he was subjected to multiple instances of excessive force on the same date in August 2008.  Compl. at 5-6; Dkt. No. 14 at 3-4, 6.  In Mendez's complaint and the preliminary statement of his opposition papers, Mendez alleges that on August 11, 2008, defendants Knoblach and Collins assaulted him in the morning in the laundry area, where he worked, and defendant Masner later assaulted him in the evening in an observation cell.  Compl. at 5-6; Dkt. No. 14 at 3-4.  However, later in Mendez's opposition papers in the section entitled "Statement of Facts," he contends the aforementioned acts occurred on August 8, 2008.  Dkt. No. 14 at 6.

---

[3] Mendez concedes that DOCCS should be dismissed as a defendant.  Dkt. No. 14 at 7.  Therefore, defendants' motion on this ground should be granted.

Mendez's complaint was signed and dated on August 9, 2011.  Compl. at 8.  On the same date, a disbursement request was completed by Mendez seeking release of money for postage in order to mail his civil rights claim to the Clerk's Office.  Dkt. No. 14 at 9.  The disbursement form was approved on August 12, 2011.  Id.  The complaint was received by the Clerk's Office on August 15, 2011.  Dkt. Entry for Date 8/15/2011.

## II.  Discussion

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for

3

enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists requires evaluation of the facts and circumstances surrounding the pleadings given the court's common sense and experience.  Iqbal, 556 U.S. at 679-680.

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Statute of Limitations

Defendants move to dismiss Mendez's allegations of excessive force on the ground that those claims are barred by the statute of limitations.  While there is no statute of limitations provision in § 1983, § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law.  42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973).  In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).

4

Federal law governs the determination of the accrual date for purposes of a § 1983 claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The claim accrues "when the plaintiff knows or has reason to know" of the harm. Id. (citations omitted). "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). Additionally, "a pro se prisoner's § 1983 complaint is deemed filed, for statute of limitations purposes, when it is delivered to prison officials." Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (citing Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993); Houston v. Lack, 487 U.S. 266, 270 (1988)).

Here, first, there is an inconsistency in proffers as to when the alleged incidents occurred. Mendez cites both August 8 and August 11, 2008 as the date of the multiple assaults. Given that the Court must construe all the facts in the light most favorable to Mendez at this stage in the litigation, it will be presumed that the assaults occurred on August 11, 2008. This presumption seems consistent with an unintended mistake given the multiple prior accounts that the assaults occurred on August 11. Additionally, it provides Mendez with the longest amount of time in which to satisfy the statute of limitations. Thus, the statute of limitations period commenced on August 11, the date of the assault, because that was the date Mendez was apprised that his constitutional rights were allegedly violated. Therefore, the statute of limitations for this action expired on August 10, 2011, three years after the alleged incidents occurred.

Mendez's initial complaint was filed with the Court on August 15, 2011, but it was signed on August 9, 2011. This was the same date that Mendez provided DOCCS with the disbursement form seeking withdrawal of money for postage for his complaint. There has

been no contention as to when the documents were delivered to prison authorities, but in construing the facts in the light most favorable to Mendez, it is presumed they were delivered the same day on which the complaint was signed and the disbursement form was provided to the facility. Accordingly, this date, August 9, 2011, is when the complaint was delivered to prison officials. See Dory, 999 F.2d at 682 ("The prisoner simply has no control over the processing of his complaint, and he should not be required to do more . . . than turn his complaint over to prison officials within the statute of limitations period."). Thus, the complaint was filed the day before the statute of limitations period expired. Accordingly, the statute of limitations does not bar any of Mendez's claims.

Defendants' motion on this ground should be denied.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 12) be:

1. **DENIED** as to the statute of limitations; and
2. **GRANTED** as to defendant DOCCS.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 8, 2012
      Albany, New York

_David R. Homer_
United States Magistrate Judge