**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANGEL MENDEZ,
      Plaintiff,
  v.              No. 11-CV-961
                  (DNH/CFH)
KNOBLACH et al.,

      Defendants.

---

## REPORT-RECOMMENDATION & ORDER

### I. Background

Plaintiff pro se Angel Mendez commenced this action pursuant to 42 U.S.C. § 1983 seeking recovery for injuries he incurred when he was allegedly subjected to excessive force. Compl. (Dkt. No. 1). On September 8, 2011, the Court granted pro se plaintiff's request to proceed in forma pauperis. Dkt. No. 4. On February 28, 2013, Ms. Carmen Arroyo Mendez[1], pro se plaintiff's wife, wrote a letter informing the Court that the pro se plaintiff had died. Dkt. No. 40. Additionally, Ms. Mendez indicated that she wished to continue the pro se plaintiff's pending litigation and requested that defendants' counsel contact her to discuss the procedural posture of the case. Id.

On March 22, 2013, the Court issued a Memorandum-Decision and Order construing, and subsequently denying, Ms. Mendez's letter as a motion to substitute. Dkt. No. 41

---

[1] Carmen Arroyo sometimes refers to herself as Ms. Arroyo in her papers and other times refers to herself as Ms. Carmen Mendez. Ms Mendez attributes this to a side effect from medication that she is taking, causing confusion and an inability to remember which name she was using during the drafting of her motion. Mendez Reply Mem. of Law (Dkt. No. 57) at 1. It appears that Carmen prefers to be addressed as Ms. Mendez. Thus, that is what the Court shall call her.

(hereinafter "MDO I"). Furthermore, the order outlined how Ms. Mendez could demonstrate that she was a property party for substitution and continue proceeding pro se. MDO I at 3-5. Ms. Mendez was subsequently granted multiple extensions of time to file the present motion. Dkt. Nos. 42-43, 46, 48. Ms. Mendez filed the presently pending motion for substitution on May 17, 2013. Dkt. No. 50.

Ms. Mendez's motion included multiple documents. Plaintiff's mother represented that

> [n]o other person besides Carmen Mendez, being [her] son's wife
> for 22-years has an interest in this lawsuit[, plaintiff] owned no
> property, no money, or anything else of value[, or] . . . owed
> anything to anyone[, and n]o other individual in the family has an
> interest in proceeding with this litigation.

Claudio Aff. (Dkt. No. 50 at 3) ¶¶ (a)-(c). There appears to be no dispute that Ms. Mendez was wed to the pro se plaintiff; however, there appears to be a discrepancy with how long the two were married. Compare Id. (indicating a twenty-two year marriage) with Dkt. No. 50 at 6 (the marriage certificate indicating that the nuptials took place in January of 1996, approximately seventeen and a half years ago).

Another document was an affirmation in which Ms. Mendez stated that "[her] husband left a watch which was meant to be given to [her] son upon [her] husband's death. [She] gave this watch to [her] son . . . without filing with the Surrogate Court." Mendez Aff. (Dkt. No. 57 at 9-10) ¶ (d). Mendez purports that she "did not know [she] had to obtain permission before doing so . . .." Id. Instead, Mendez felt that as named power of attorney, a position which she shared with the pro se plaintiff's mother (Dkt. No. 50 at 9-10), she was entitled to make such distributions without leave of the court. Id. Mendez further represented "that a probate proceeding to have [her] appointed as legal representative with attorney supervision is . . . pending in the Surrogate's Court of the State of New York, New

2

York County . . . ." Id. ¶ (h). Mendez further explained that the pro se plaintiff "died intestate [and Mendez is] . . . the sole, or at least the primary, distributee of [her] husband's estate." Id.

Defendants object to this motion. Dkt. No. 51.[2] Defendants' contend that Ms. Mendez has failed to demonstrate that she is the proper party for substitution.

## II. Discussion

Although § 1983 does not have an express provision for the continuation of an action after a plaintiff dies, 42 U.S.C. § 1988 allows for the incorporation of state law "when necessary to furnish suitable remedies for § 1983 claims, provided the state law is not inconsistent with federal policy." Chobot v. Powers, 169 F.R.D. 263, 265 (W.D.N.Y. 1996) (citations omitted). New York law allows for survival of "claim[s] arising from the alleged violation of a plaintiff's civil rights . . . [to] be asserted or continued by the deceased plaintiff's personal representative." Id. (citations omitted). Accordingly, any action initiated under § 1983 survives a plaintiff's death and may then "be asserted, if at all, on behalf of [Mendez's] estate." Id. at 265-66 (citations omitted).

However, "Federal Rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law." Graham v. Henderson, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (citations omitted). Under

---

[2] In Ms. Mendez's reply, she contends that the defendants' response should be dismissed as being untimely filed. Mendez Reply Mem. of Law (Dkt. No. 57) at 3. However, defendants' motion was timely filed electronically. See Date of 5/31/13 for Dkt. Entry No. 51. The fact that Ms. Mendez's copy took a few additional days to receive because it was sent via mail does not render the submission untimely.

3

the Federal Rules of Civil Procedure:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution can be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed.

FED. R. CIV. P. 25(a)(1).

"Rule 25 only permits the substitution of proper parties." Graham, 224 F.R.D. at 64-65 (citations and internal quotation marks omitted). The proper party is either "the successor of the deceased or the representative of his estate." Id. at 65 (citations omitted). For purposes of substitution, a representative is determined by the forum state's law, and New York defines "a representative [a]s a person who has received letters to administer the estate of a decedent . . . [and] is usually either the appointed administrator or executor of the decedent's estate." Id. (citations omitted). Furthermore, "[a] successor . . . is a 'distributee' of the decedent's estate if [it] . . . has been distributed at the time the motion for substitution has been made." Id. (citations omitted).

Ms. Mendez contends that because plaintiff died intestate and she believes that she is the primary distributee, she should properly be substituted in this action. Mendez Reply Mem. of Law at 4-5. Mendez relies primarily upon Surely v. McClellan, 753 F.2d 88 (D.C. 1985), to support her propositions. In that case, the court allowed plaintiffs to substitute parties for two deceased named defendants. Surley, 753 F.2d at 97. Defendants contended that plaintiffs did not timely file their motion to substitute and that the decedents' widows were improper parties because they were not yet the legal representatives. Id. The court held that neither contention held merit. First, plaintiffs were not informed of

4

defendants' deaths until years later, as their deaths were first introduced during the filing of motion papers seeking certiorari. Id. at 98. Once apprised, plaintiffs discovered the names of the representatives for substitution and made such motions within two weeks. Id. The court explained that plaintiffs' ninety day clock to file the motion for substitution did not start until plaintiffs knew of both defendants' deaths and the identities of the potential representative or successor suitable for substitution. Id. Further, the court held that "[s]everal courts, including [the District of Columbia Circuit] have stated that the distributee of a distributed estate is a 'proper party' for substitution under Rule 25(a)(1)." Id. at 99 (citations omitted).

The Surley case is distinguishable from the one at hand though. Mendez was instructed, per MDO I, what the time line was for establishing that she was a proper party. Moreover, the MDO I also explained that Mendez could only be the proper party if she was the successor to a completely distributed estate or the estate's representative. In this case, with a pending action in Surrogate Court, it is unclear whether there has been a completely distributed estate and who the potential beneficiaries are. Accordingly, unlike Surley where the distributions were complete, in the present case their status is unresolved.

There are cases which allow substitution of parties where a party "die[s] intestate, and after [the party's] death no court appointed an executor or administrator for [the party's] estate," noting also that the deceased "never married and had no children." Roe v. City of New York, No. 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003). Further, in cases "where a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute as there is nothing to distribute." Perlow v. Comm. of Soc. Sec., No. 10-

5

CV-1661 (SLT), 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) (citations omitted). However, the present situation is inapposite as Ms. Mendez was married to plaintiff, has a son which may also be a distributee, and is in the middle of a surrogate court proceeding. Further, there was at least a ring in the deceased's estate. While plaintiff's mother represents that the plaintiff had no assets and no debts, the true status of plaintiff's estate will not be discovered until the surrogacy proceedings have culminated.

Instead, this case is most similar to some of the proposed parties for substitution in Natale v. County Ford Ltd., 287 F.R.D. 135 (E.D.N.Y. 2012). In that case, the court determined whether a "decendent's wife and four children [were] . . . 'distributees' of the estate and appropriate parties for substitution." Natale, 287 F.R.D. at 138. The court discussed the fact 'that a number of courts have determined that a distributee is not a 'proper party' for purposes of substitution until the estate has been fully distributed." Id. (citing cases). Accordingly, "[r]equiring full distribution . . . before a distributee may act as a substituted ensures that the distribution is final . . . [and] that the substituted party is in fact legally entitled to the interests at issue." Id. at 139 (citations omitted). Finding the logic of our sister circuit compelling, and given the fact that Mendez "ha[s] not submitted . . . proof that the estate has been distributed," and instead has proffered the opposite, that the estate is still in flux, Mendez is not currently a proper party for substitution. Id.

As the Court fully provided Ms. Mendez with direction on what needed to be accomplished prior to a finding that she was the appropriate party to make a motion for substitution and her non-compliance with such direction, the Court finds that the pending surrogate court proceeding renders Ms. Mendez an improper party to substitute. Furthermore, the Court provided Ms. Mendez with multiple extensions of time to complete

6

the steps required to become a proper party and she has not yet done so despite the additional months she was given to comply.

### III. Conclusion

1. It is hereby **ORDERED** that Ms. Mendez's motion to substitute (Dkt. No. 50) is **DENIED.**

2. In light of the above order, it is further **RECOMMENDED** that this case be submitted to the District Court Judge for dismissal in accordance with FED. R. CIV. P. 25.

3. The Clerk of the Court shall serve a copy of this Report-Recommendation and Order on defendants and Carmen Mendez in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 17, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge